■ In the Matter of the Estate of ADELE W. SMITH, Deceased. MARINE MIDLAND TRUST COMPANY OF SOUTHERN NEW YORK, as Trustee, Petitioner; JOHN B. GUNION, as Trustee of JULIA H. NORTHRUP, Deceased, et al., Appellants; LEE C. SINER et al., Respondents.— SWEENEY, J. Appeal from a decree of the Surrogate's Court of Chemung County, entered January 27, 1969, ordering that under the provisions of paragraph "Third" of the last will and testament of Adele W. Smith, the remainder of the estate passed to Lee C. Siner, Ralph W. Siner and David T. Siner, heirs at law of the testatrix, upon the death of Adele Lorraine White. The question presented on this appeal is whether one Seaman F. Northrup had to survive the life beneficiaries to take under the will of Adele W. Smith. Northrup survived the testatrix, but predeceased one of the two life beneficiaries. A resolution of the problem presented necessitates an examination of the will and particularly paragraph "Third" to ascertain the intent of the testatrix. Paragraph "Third" reads as follows: "All the rest, residue, and remainder of my property I give, devise, and bequeath in trust, to my Executors hereinafter named, the income to be paid to my said Sister Amanda W. Smith and my niece Adele L. Martyne jointly share and share alike, after keeping up and maintaining the house property so long as they shall live. And, after said life uses have expired or been distinguished, I give devise and bequeath absolutely to my niece Edna W. Siner the sum of Ten Thousand Dollars ($10,000.00) also what she wants out of the home and if she has died, then Three Thousand Dollars to each of her three Sons, Ralph Siner, Lee Siner and David Siner and some thing out of my home. All the rest and remainder of my property of every name and nature I give and devise and bequeath if living to Seaman F. Northrup absolutely and if he has passed out then to the regular heirs of my self." Appellants contend that the remainder vested in Northrup on his survival of the testatrix. Appellants believe this conclusion is mandated by certain settled principles applicable to wills, i.e., the law favors vesting of estates rather than suspension; adverbs of time used in the devise of a remainder relate to time of enjoyment, not to time of vesting. They argue that the adverbial clauses "if living" and "if he has passed out"

in the instant case refer to the time of the testatrix' death. Consequently, appellants maintain that since Northrup survived the testatrix, the remainder automatically vested on her death and only the enjoyment was postponed pending the life uses. With appellants' contention and reasoning we do not agree. We understand the general New York rule to be that where a remainder is granted following a life estate and is made contingent upon survivorship, the vesting does not take place until the death of the life beneficiaries, unless there is clear language of intent to the contrary. (*Matter of Gautier*, 3 N Y 2d 502; *Matter of Larkin*, 9 N Y 2d 88; 35 N. Y. Jur., Life Estates, Remainders, and Reversions, § 72.) It is difficult to apply principles and prior decisions to ascertain the intent of a testator. in a given case. It is the language used in the will from which we must derive the testator's true intent. Regardless of the various rules of construction, it is this intent that is the ultimate goal. Applying this principal to the present case, we must conclude that Northrup had to survive both life beneficiaries in order to take under this will. An examination of this will indicates a desire by the testatrix to provide for her sister and a niece, Adele Martyne, during their respective lives. It is upon their deaths that it is clearly given to other nieces and nephews. Up to this point the construction of the will presents no problem. The testatrix then, by a second residuary clause, names Northrup, if living. It is reasonable and natural that the testatrix provide a life estate for her sister who, we can assume, was in the same age bracket. Her niece, apparently named after testatrix, was similarly a natural object of her bounty. The will, in its entirety, with the exception of paragraph "Second" wherein Northrup is given the interest of the testatrix in the business owned jointly by them and the second residuary clause above referred to, manifests a desire to remember her blood relatives. To conclude that the testatrix intended her residuary remainder estate to pass to her nieces and nephews only if Northrup pre-deceased *her* is strained and not borne out by a reading of the complete will. (*Matter of Larkin, supra.*) It also disregards the reasonable and logical principle that heirs of the blood should be preferred to strangers. Decree affirmed, with costs to parties filing briefs payable from the estate. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.